F I L E D
CLERK OF COURT

2026 APR 22 AM 10: 34

SUPERIOR COURT
OF GUAM



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM<br><br>Plaintiff,<br><br>vs.<br><br>JERRY NAUTA CAMACHO<br><br>Defendant. | CRIMINAL CASE NO. CF0705-25<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

Two trips to the same store, two alleged thefts, and now two legal questions. The People charge these incidents as separate felony counts. Defendant Camacho argues they reflect a single course of conduct and that the government has not met its discovery obligations. These disputes require the court to address both double-jeopardy principles and the scope of mandatory disclosure. This order resolves both issues. Attorney Heather Quitugua represents Defendant Camacho. Present for the People of Guam was Assistant Attorney General Neil Bonavita.

## BACKGROUND

This criminal case stems from alleged retail-theft activity at a Tamuning retail establishment and the parties' ensuing discovery obligations. On October 4, 2025, the People of Guam commenced this action by charging Defendants Jerry Nauta Camacho, Renee San Agustin Bermudes, and Christopher John Finon of two counts of Retail Theft (as a third-degree felony).

*See,* Mag. Compl., (Oct. 4, 2025). The complaint alleges that on or about September 21, 2025, each knowingly took merchandise from Happy Mart in Tamuning valued at more than $500 but less than $1,500, with the intent to permanently deprive the merchant of its property, in violation of 9 G.C.A. §§ 43.91(a), 43.20(b), 43.30(a), and 4.60. *Id.*

A grand jury later returned an Indictment on October 14, 2025. *See,* Indictment, (Oct. 14, 2025). The Indictment alleges that on or about October 2, 2025, defendants Camacho and Bermudes each committed two counts of Retail Theft by Complicity (as third-degree felonies) by promoting or assisting the commission of retail theft and inducing or aiding co-defendant Finona to commit the offense. *Id.* It further charges Finona with two counts of Retail Theft (as third-degree felonies) for knowingly taking merchandise from Happy Mart, Tamuning, valued between $500 and $1,500, with the intent to permanently deprive the merchant. *Id.* All counts are alleged to violate 9 G.C.A. §§ 43.91(a), 43.20(b), 43.30(a), and 4.60. *Id.*

The court set the matter for trial and issued case-management orders governing discovery. On December 19, 2025, the court entered a Criminal Trial Setting Order requiring the parties to exchange mutual discovery on or before December 31, 2025. *See.* Criminal Trial Setting Order (Dec. 19, 2025).

The Defendant stated that, he received police reports GPD Nos. 25-24891 (40 pages) and 25-24879 (34 pages), but no photographs, no surveillance footage referenced in the reports, and no Laxamana materials. *See* Def.'s Br. Supp. Mot. Compel (Jan. 6, 2026). Defense counsel represents that she previously requested production of surveillance footage referenced in police report 25-24879 at page 19, photographs referenced in that report, recordings of witness questioning, and any plea agreements or understandings with witnesses. *Id.*

On January 6, 2026, Defendant Camacho, filed the present Brief in Support of Motion to Compel Discovery, seeking an order requiring the government to disclose additional materials, including surveillance footage, photographs, witness statements, expert materials, and exculpatory or impeachment information. *Id.* On January 6, 2026, Defendant Camacho filed a Motion to Sever. On January 22, 2026 the People did not oppose severing the case and the Court granted Defendant Camacho's motion to sever.

## DISCUSSION

This order proceeds in two parts. First, it addresses Defendant Camacho's double-jeopardy argument and explains why the two retail-theft counts arise from separate acts under *People v. Afaisen* and the Millard/Acey framework. Second, it turns to Defendant's motion to compel and clarifies the People's continuing disclosure obligations under 8 GCA Chapter 70, including the production—or specific accounting—of materials referenced in police reports and otherwise discoverable under Guam law and *Brady*.

### I.      The Two Retail-Theft Counts Are Based on Separate Acts.

The Double Jeopardy Clause of the Fifth Amendment, made applicable to Guam by the Organic Act of Guam, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb. *People v. Afaisen,* 2016 Guam 31 ¶12. The Guam Supreme Court in *Afaisen* adopted and applied the Millard/Acey factors to determine whether takings are part of the same transaction or constitute separate criminal acts. Id. 46–48. Those factors are: the location of the items taken; the lapse of time between the takings; the general and specific intent of the taker; the number of owners of the items taken; and whether intervening events occurred. *Id.* Applying those factors in *Afaisen*, the court concluded that the robbery and vehicle theft were

part of one uninterrupted episode: the property was taken from the same victim, at the same location, within moments, and pursuant to a single objective. *Id.* 50–52. Because the conduct was unitary, the theft-of-a-vehicle conviction had to be dismissed. *Id.*

Here, the Magistrate's Complaint and supporting declaration do not describe a single, uninterrupted theft. It alleges that Defendant Camacho twice participated in retail-theft episodes at Happy Mart in Tamuning, each completed and separated in time. The declaration describes two distinct incidents on September 21, 2025 involving the same suspects and vehicle, but not the same criminal episode. In the later incident, occurring between approximately 5:17 p.m. and 5:24 p.m., store staff observed co-defendant Christopher John Finona exit Happy Mart with a shopping cart containing four cases of Ox & Palm corned beef, valued at $715.96, without paying. Staff recovered the merchandise from a blue Toyota Tercel, license plate PIT5304, operated by Camacho and parked outside the store. When confronted, Camacho remained with the vehicle while Finona and Bermudes fled. Camacho later admitted he drove the suspects to the store, waited in the vehicle while the theft occurred, and transported the stolen merchandise afterward.The declaration also describes an earlier incident that same day in which Finona loaded three cases of Ox & Palm corned beef, valued at $536.97, into a cart while Bermudes concealed the items with her jacket. They exited without paying and placed the merchandise in Camacho's vehicle. Bermudes later admitted the items were sold in Dededo and that the proceeds were used for gasoline and methamphetamine. Camacho likewise admitted he drove the group to Happy Mart and transported the stolen goods on that occasion.

Although both incidents occurred at the same store and involved the same merchant, the allegations reflect two separate store visits, two separate removals of merchandise, and two completed thefts. Unlike *Afaisen*, where the thefts occurred within moments as part of one

continuous episode, the allegations here describe thefts separated by time. Each incident required a renewed decision to steal and a renewed decision by Camacho to facilitate the theft by driving and transporting the goods. That reflects separate criminal impulses rather than a single uninterrupted scheme. The presence of intervening events further distinguishes this case from *Afaisen*. Between the two thefts, the group left the store, transported the first set of stolen goods, resold them in Dededo, and used the proceeds. Those acts mark the completion of one criminal episode before the next began. In *Afaisen*, by contrast, the court found a continuing course of conduct because the takings occurred at or near the same time, involved the same property owner, and were driven by one continuous objective. .Here, the allegations describe completed thefts separated by time and intervening conduct, not an uninterrupted transaction.

The allegations therefore support two permissible units of prosecution, and the retail-theft counts do not violate double-jeopardy principles.

## II.     The People Have a Continuing Duty to Disclose and Produce Discovery

Defendant Camacho represents that, despite formal requests and prior discovery orders, several categories of discovery have not been produced. Specifically, Defendant asserts that the People have not produced the Happy Mart surveillance footage referenced in GPD Report No. 25-24879; photographs referenced in the police reports, including photographs of the merchandise, vehicle, or scene; written or recorded witness statements, including any statements provided to the Office of the Attorney General's Victim Services Division; criminal-history records (rap sheets) for prosecution witnesses other than the co-defendants; any expert reports or expert disclosures; investigators' notes, recordings, or memoranda reflecting interviews or interrogations (Laxamana materials); and documents and tangible objects referenced in the reports such as custody receipts, fingerprints, photographic lineups, and other investigative

materials. Defendant further asserts that Brady and Giglio material—including impeachment evidence, promises or inducements to witnesses, evidence of bias, prior false statements, or other credibility information—has not been produced or its existence has not been confirmed.

Pursuant to 8 GCA § 70.10 the Court orders the People to produce all discoverable material within their possession, custody, or control, including material known or that may become known through due diligence and material held by law enforcement or other agencies acting on the prosecution's behalf. The People remain under a continuing duty to disclose and any failure to comply may result in remedies under 8 GCA § 70.45.

## CONCLUSION

Because the allegations describe two completed thefts separated by time and intervening conduct, the charged counts represent permissible units of prosecution and do not offend double-jeopardy principles. And because Guam's discovery statute imposes an affirmative and continuing duty to disclose, the People must produce all discoverable material within their possession, custody, or control—or state with specificity what does not exist and why. With those clarifications, the court resolves the pending issues and directs the parties to proceed consistent with this order.

**IT IS SO ORDERED** _____APR 2 2 2026_____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

_A Gr H-Buitugua_

Date: 4/22/26 Time: 10:52am
Antonio R Cruz
Deputy Clerk, Superior Court of Guam